UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

LESLIE ANN LEBLANC            :

VS.                           :            C.A. NO.

THE STOP & SHOP SUPERMARKET   :
COMPANY, LLC

## COMPLAINT

Now comes the Plaintiff, in the above-entitled matter, and alleges and says as follows.

## JURISDICTION

1. Jurisdiction of this Court is proper under 28 U.S.C. §1332. Plaintiff is a citizen of the State of Rhode Island. Defendant is a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal office located at 1385 Hancock Street, Quincy, Massachusetts. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## PARTIES

2. Plaintiff, Leslie Ann LeBlanc, is a resident of the City of Woonsocket, County of Providence, State of Rhode Island.

3. Defendant, The Stop & Shop Supermarket Company, LLC, is a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal office located at 1385 Hancock Street, Quincy, Massachusetts. Defendant owns, operates, manages and maintains the

supermarket, including its parking lot, at 35 Eddie Dowling Highway, North Smithfield, Rhode Island.

## CAUSE OF ACTION
## COUNT I - NEGLIGENCE

4. On or about May 9, 2013, the Plaintiff, Leslie Ann LeBlanc, was a business invitee upon the premises operated and controlled by the Defendant, when she injured herself when the shopping cart she was pushing tipped over as a result of a hazardous and unsafe condition in the parking lot, identified as follows:



5. On said date, the Defendant, its agents, servants and/or employees were under a duty to exercise reasonable care to keep the premises, including the parking lot, free from defects and hazardous conditions and safe for the intent and purposes of said location.

6. Defendant, by and through its agents, servants and/or employees, was under a duty to exercise reasonable care to protect the Plaintiff by inspection and other affirmative acts, from injuries resulting from unsafe and hazardous conditions existing upon the premises, including the parking lot.

7. Defendant, its agents, servants and/or employees, was under a duty to have available sufficient personnel to inspect and maintain the business premises, including the parking lot, in a condition reasonably safe for the Plaintiff and free from unsafe and hazardous conditions.

8. Defendant, its agents, servants and/or employees, was under a duty to warn the Plaintiff and others in a similar capacity of any unsafe or hazardous condition existing upon the premises, including the parking lot.

9. At all times material hereto the Plaintiff was in the exercise of due care.

10. At all times, the Defendant knew, or in the exercise of reasonable care, should have known that the parking lot condition was unsafe and hazardous and posed a risk of danger to the Plaintiff.

11. Defendant, by and through its agents, servants and/or employees, did negligently breach all of the aforesaid duties, including, but not limited to the duty to properly maintain the premises, including the parking lot, and keep it free of hazardous and unsafe conditions.

12. As a direct and proximate result of the negligence and breach of the enumerated duties by the Defendant and its agents, servants and/or employees as complained of herein, the Plaintiff, Leslie Ann LeBlanc, was exposed to an unsafe and hazardous condition when the shopping cart she was pushing got caught in a crack in the asphalt of the parking lot.

13. As a direct and proximate result of the negligence and breach of the enumerated duties by the Defendant and its agents, servants and/or employees as complained of herein, the Plaintiff, Leslie Ann LeBlanc, sustained severe, permanent injuries which incapacitated her; she experienced and will in the future experience great pain of body of mind; she incurred and continuous to incur and will in the future incur great expense for medical and hospital care and attention; and she has incurred lost wages, earnings and/or salary.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount sufficient to sustain the jurisdiction of this Court and to be determined by the trier of fact for compensatory damage, plus interest and costs.

Plaintiff,
By and through her attorney,

*Thomas A. Tarro*

Thomas A. Tarro, III (#2046)
Tarro & Marotti Law Firm, LLC
Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Dated: 3/2/15

PLAINTIFF HEREBY CLAIMS HER RIGHT TO TRIAL BY JURY